UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WUILBER GARCIA-JUAREZ,<br><br>                            Petitioner,<br><br>v.<br><br>TODD BLANCHE,<br>ACTING U.S. ATTORNEY GENERAL,<br>et al.,<br><br>                          Respondents. | Case No.: 26cv3007-LL-DEB<br><br>**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 9] |

Before the Court is Petitioner Wuilber Garcia-Juarez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner filed an Amended Habeas Petition, requesting immediate release from custody or a bond hearing. ECF No. 7. Petitioner then filed a Second Amended Petition, adding that he was arrested without an administrative warrant. ECF No. 9.

The Government responded, indicating that Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 10. Petitioner filed a Traverse, arguing that the Government failed to address his request for immediate release because of the lack of an administrative warrant, and therefore, he should be released rather than granted a bond hearing. ECF No. 11. The Court ordered

1

Government to respond to Petitioner's claim that he was arrested without a warrant. ECF No. 15. The Government filed a Supplemental Brief attaching an administrative warrant that was served upon Petitioner on April 30, 2026, the day he was arrested. ECF No. 16-1. For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition and **ORDERS** an individualized bond hearing for Petitioner.

## II.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a Petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.    DISCUSSION

Petitioner, a native of Mexico, entered the United States without inspection in January 2006 and since then, lived in New York for approximately fifteen years before moving to San Diego, California. ECF No. 7-1, Declaration of Wuilber Garcia-Juarez ("Juarez Decl.") ¶ 1.

On April 30, 2026, while Petitioner was living in a motor home in Point Loma, California, several U.S. Immigration and Customs Enforcement ("ICE") officers surrounded the motor home and told Petitioner to exit. *Id.* ¶ 3. Petitioner did so and was arrested by the ICE officers. *Id.* After he was detained in April of 2026, Petitioner was

26cv3007-LL-DEB

placed in removal proceedings but did not receive a bond determination hearing. Juarez Decl. ¶ 4.

As a noncitizen who, at the time of his detention, had been at liberty in the United States for approximately 20 years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states, "On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) allows the government to "detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025) and finds the appropriate remedy is a bond hearing pursuant to Section 1226(a).

To the extent Petitioner requests immediate release because of the lack of an administrative warrant, the Court denies the request. The Government presented evidence that Petitioner was provided with an administrative warrant on April 30, 2026, the day he was arrested. ECF No. 16-1. Moreover, Petitioner's reliance on *Ramos v. Lyons*, 809 F. Supp. 3d 1015, 1025 (C.D. Cal. Nov. 12, 2025) to argue that a "warrant must be issued *before* the [noncitizen] is arrested" is misplaced. Not only does 8 U.S.C. § 1357(a)(2) authorize warrantless arrests but 8 C.F.R. § 287.3(d) also provides the government 48 hours to issue a warrant if it determines that the noncitizen will remain in custody. Here, the warrant was issued within 48 hours of Petitioner's arrest and Petitioner has not presented the Court with any controlling authority that would warrant immediate release under these circumstances. *See generally* ECF No. 17.

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS IN PART** Petitioner's Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **ORDERS** Respondents to hold an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) no later than 14 days from the date of this Order, unless Petitioner requests a

continuance. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 30, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv3007-LL-DEB