UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WUILBER GARCIA-JUAREZ,<br>Petitioner,<br>v.<br>TODD BLANCHE,<br>ACTING U.S. ATTORNEY GENERAL,<br>et al.,<br>Respondents. | Case No.: 26cv3007-LL-DEB<br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br>[ECF No. 20] |

Before the Court is Petitioner Wuilber Garcia-Juarez's Motion for Reconsideration. ECF No. 20. Respondents filed a response [ECF No. 22], and Petitioner filed a reply [ECF No. 23]. For the reasons set forth below, the Court **GRANTS** Petitioner's Motion.

## I. DISCUSSION

On June 30, 2026, this Court granted in part Petitioner's petition for writ of habeas corpus and ordered a bond hearing. ECF No. 18 at 3. Specifically, the Court explained that immediate release was not warranted because Respondents had presented evidence that an administrative warrant was issued within 48 hours of Petitioner's arrest. *Id.* On September 29, 2026, Petitioner filed the instant Motion for Reconsideration, asking this Court to reconsider its June 30, 2026 Order. ECF No. 20.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004) (citation omitted).

Here, Petitioner argues that his arrest was unlawful because Respondents (1) failed to issue a warrant *before* arresting him as required by 8 U.S.C. § 1226(a) and (2) failed to satisfy the requirements of 8 U.S.C. § 1357(a)(2) to justify a warrantless arrest. ECF No. 20 at 4–9. Respondents argue that 8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(a) provides the government 48 hours to issue a warrant if it determines that the noncitizen will remain in custody. ECF No. 22 at 2.

It is undisputed that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see also* ECF No. 16 at 1. Section 1226(a) permits the arrest and detention of a noncitizen pending removal proceedings "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); *see also J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). Nevertheless, immigration authorities may execute warrantless arrests when specific conditions are met:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any [noncitizen] in the United States, *if* he has *reason to believe* that the [noncitizen] so arrested is in the United States in violation of any such law or regulation *and is likely to escape before a warrant can be obtained* for his arrest, but the [noncitizen] arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine [noncitizens] as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2) (emphasis added). "The phrase 'has reason to believe' has been equated with the constitutional requirement to probable cause.'" *Tejeda-Mata v. Immigr.*

*Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980). The corresponding implementing regulation further demands that "[a] warrant of arrest shall be obtained except when the designated immigration officer has *reason to believe that the person is likely to escape before a warrant can be obtained*." 8 C.F.R. § 287.8(c)(2)(ii) (emphasis added). The regulation also provides that "[w]ith respect to [a noncitizen] arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a noncitizen] arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Upon arresting a noncitizen without a warrant:

> a determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

After this Court's June 30, 2026 Order, several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante v. LaRose*, No. 3:26-CV-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained");

*Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

This Court agrees with the reasoning in *Diaz Escalante*, *M-J-M-A*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires that the arresting immigration officer have reason to believe that the noncitizen is both (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the [noncitizen] is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody." *Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court no longer finds that a post hoc warrant issued within forty-eight hours cures a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2).

arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.3(c)(2)(ii))).

Respondents have not provided any evidence or any argument that the ICE officers who arrested Petitioner had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). Thus, the only basis for the arrest was ICE officers' belief that Petitioner was unlawfully present in the United States. However, the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents attempt to justify the validity of Petitioner's warrantless arrest by pointing to the administrative warrant that was issued within forty-eight hours of Petitioner's arrest. ECF No. 22 at 2. However, the Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen's arrest does not effectively "cure" a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that "[a noncitizen] arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Notably, "section 287(a)(2) of the Act" refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. 8 C.F.R. § 287.3(a); 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in [section 1357(a)(2)]," he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained." 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792,

at *4 ("In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen's arrest is made consistent with the statute." (citation omitted)).

Here, although Respondents issued a warrant within forty-eight hours of Petitioner's arrest, the initial arrest was unlawful and thus cannot be cured by a warrant after the fact. *See M-J-M-A*, 822 F. Supp. 3d at 1158 ("An arrest cannot be justified after the fact."); *Martinez Alaniz*, 2026 WL 3091261, at *3 ("This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." (internal quotation marks and citation omitted)).

Therefore, the Court finds that Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2) and that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Motion for Reconsideration [ECF No. 20] and **VACATES** its previous order [ECF No. 18]. The Court further **ORDERS** Respondents to immediately release Petitioner.

**IT IS SO ORDERED**.

Dated: November 17, 2026

Honorable Linda Lopez
United States District Judge